UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ELLIOT A. GIBSON, EVAN A. GIBSON,
and EDWARD S. GIBSON

Plaintiffs,

v.

THE CITY OF KIRKLAND, a municipal
corporation; KIRKLAND POLICE
OFFICERS J. McMILLIAN and J.
TROMBLEY; and JOHN DOE
KIRKLAND POLICE OFFICERS 1–5,

Defendants.

No. C08-0937-JCC

ORDER

This matter comes before the Court on Plaintiffs' motion to dismiss Defendants'
counterclaim (Dkt. No. 15), Defendants' response (Dkt. No. 20), Plaintiffs' reply (Dkt. No. 22),
and associated documents. The Court hereby DENIES the motion for the reasons explained herein.

I.      BACKGROUND

        After midnight on July 10, 2006, Officer Janelle McMillian encountered Elliot A. Gibson,
Evan A. Gibson, and Edward A. Gibson ("Plaintiffs") in the parking lot of a Ford dealership in
Kirkland, Washington. (Answer ¶ 11 (Dkt. No. 8 at 3).) McMillian asked why Plaintiffs were
present at the dealership, and they responded that they were employees. (*Id.* ¶¶ 12–13.) Doubtful,

McMillian sought to verify the information. (*Id.* ¶ 13.)[1] Meanwhile, the situation grew contentious. (*See id.*)[2] Arriving at the scene to assist McMillian, Officer Jeff Trombley handcuffed Plaintiffs, and McMillian placed them under arrest without reading them their Miranda rights. (*Id.* ¶¶ 14–16.) Plaintiffs were charged with obstruction of justice but were acquitted at trial. (*Id.* ¶¶ 17–18.)

Plaintiffs bring this action under 42 U.S.C. § 1983 against McMillian, Trombley, and the City of Kirkland, alleging unlawful arrest, violation of their due process rights, and various state law torts. (Compl. ¶¶ 20–40 (Dkt. No. 1 at 4–5).) Denying the allegations and asserting several affirmative defenses, McMillan and Trombley ("Defendants") have counterclaimed against Plaintiffs for malicious prosecution in violation of Washington Revised Code § 4.24.350. (Answer 4–7, 9 (Dkt. No. 8).) Plaintiffs now move to dismiss Defendants' counterclaim on the grounds that § 4.24.350 is unconstitutional. (Mot. 1 (Dkt. No. 15).)

## II. DISCUSSION

Plaintiffs ask the Court to declare Washington Revised Code § 4.24.350 unconstitutional under both the United States Constitution and the Washington State Constitution. (*Id.* at 16.) Section 4.24.350 allows defendants to counterclaim for malicious prosecution when "the [underlying civil] action was instituted with knowledge that the same was false, and unfounded, malicious and without probable cause in the filing of such action . . . ." WASH. REV. CODE § 4.24.350(1). Generally, to maintain a counterclaim for malicious prosecution, claimants must demonstrate both (1) an arrest or seizure of property and (2) a special injury. *See Clark v. Baines*, 84 P.3d 245, 248–49 (Wash. 2004) (defining special injury as "injury which would not necessarily result from similar causes of action"). Section 4.24.350(2), however, eliminates these two elements

---

[1] According to Defendants, McMillan verified this information only after Plaintiffs' arrests. (Police Summary (Dkt. No. 21 at 7).) In the complaint, Plaintiffs state that they had worked as contract janitors at the dealership for the past six months. (Compl. ¶ 11 (Dkt. No. 1 at 3).)

[2] Parties dispute the facts that gave rise to the contention. (*See* Compl. ¶ 13 (Dkt. No. 1 at 3); Answer ¶ 13 (Dkt. No. 8 at 3).)

for "any . . . counterclaim brought by a judicial officer, prosecuting authority, or law enforcement officer . . . arising out of the performance or purported performance of the public duty of such officer." WASH. REV. CODE § 4.24.350(2). Furthermore, unlike other claimants, "[a] judicial officer, prosecuting authority, or law enforcement officer prevailing in such [a malicious prosecution] action may be allowed an amount up to one thousand dollars as liquidated damages, together with a reasonable attorneys' fee, and other costs of suit." *Id.* Plaintiffs allege that these provisions within § 4.24.350(2) render the statute facially unconstitutional. (*See* Mot. 4–6 (Dkt. No. 15).)

## A. United States Constitution

Plaintiffs assert that § 4.24.350 violates both the First Amendment and the Supremacy Clause of the United States Constitution.

### 1. Viewpoint Discrimination

Plaintiffs argue that § 4.24.350(2) discriminates on the basis of viewpoint in violation of the First Amendment. (Mot. 11 (Dkt. No. 15).)[3] According to Plaintiffs, eliminating both the arrest or seizure element and the special injury element makes it easier for judicial officers, prosecuting authorities, and law enforcement officers to obtain relief under § 4.24.350. *Cf. Keates v. City of Vancouver*, 869 P.2d 88, 94 (Wash. Ct. App. 1994) (describing the legislative findings). In this way, plaintiffs who bring frivolous actions against these governmental parties are more likely to be sanctioned under § 4.24.350 than those who bring frivolous actions against non-governmental

---

[3] Both Plaintiffs and Defendants cite to a split in Washington district courts as to whether § 4.24.350 violates the First Amendment. (*See* Resp. 5–6 (Dkt. No. 20); Reply 2, 3–4 (Dkt. No. 22).) However, *De La O v. Arnold-Williams*, Nos. C04-0192-EFS, C05-0280-EFS, 2006 WL 2781278 (E.D. Wash. Sept. 25, 2006), the case in which Judge Shea of the Eastern District of Washington held that the state law constituted viewpoint discrimination, was recently vacated. *See* 2008 WL 4192033 (E.D. Wash. Aug. 27, 2008). Each of the other courts to consider the constitutionality of § 4.24.350 have agreed that the statute is not unconstitutional. *See Wender v. Snohomish County*, No. C07-0197-TSZ, 2007 WL 3165481 (W.D. Wash. Oct. 24, 2007); *Bakay v. Yarnes*, No. C04-5803-RJB, 2005 WL 2454168 (W.D. Wash. Oct. 4, 2005).

parties. (Mot. 5 (Dkt. No. 15).) This, Plaintiffs state, is impermissible viewpoint discrimination. (*Id.*)

The right to file an action in court is protected under the First Amendment by the right to petition. *See Bill Johnson's Rests., Inc. v. NLRB*, 461 U.S. 731, 741 (1983). This right, however, is not absolute. *See id.* at 743. Just as states may regulate false and libelous speech without violating the First Amendment's right to free speech, *see New York Times Co. v. Sullivan*, 376 U.S. 254, 283 (1964), states may regulate actions that are objectively baseless and subjectively motivated by an unlawful purpose without violating the right to petition, *see Bill Johnson's*, 461 U.S. at 743; *BE & K Constr. v. NLRB*, 536 U.S. 516, 530–31 (2002). Because § 4.24.350(2) requires that the underlying actions be both knowingly false and maliciously brought, the statute only applies to actions that are "unprotected" under the right to petition. *See Bill Johnson's*, 461 U.S. at 743.

In cases involving free speech, however, the Supreme Court has held that even unprotected speech may not be regulated on the basis of viewpoint. *R.A.V. v. City of St. Paul*, 505 U.S. 377, 382–84 (1992). For example, although the state may constitutionally proscribe libel, it may not constitutionally proscribe *only* libel critical of the government. *Chaker v. Crogan*, 428 F.3d 1215, 1224 (9th Cir. 2005) (*citing R.A.V.*, 505 U.S. at 384). In *R.A.V.*, the Supreme Court applied this principal to invalidate a statute proscribing "fighting words" that insulted or provoked violence "on the basis of race, color, creed, religion, or gender." 505 U.S. at 391. Although the right to free speech does not protect "fighting words," *see Chaplinsky v. New Hampshire*, 315 U.S. 568, 571–72 (1942), the statute regulated only fighting words motivated by certain viewpoints. *R.A.V.*, 505 U.S. at 391.[4] This regulation was struck down as impermissible viewpoint discrimination. *Id.*

---

[4] Justice Scalia elaborated: "Displays containing abusive invective, no matter how vicious or severe, [were] permissible [under the statute] unless they [were] addressed to one of the specified disfavored topics." *Id.* This meant

Similarly, in *Chaker*, the Ninth Circuit invalidated a statute that criminalized knowingly false civilian complaints of peace officer misconduct. 428 F.3d at 1217. The statute did not prohibit fellow officers and witnesses from making false positive statements about peace officers during the investigation of a complaint. *See id.* at 1226. Because the statute only criminalized false speech *critical* of peace officers, and not false speech *supportive* of peace officers, it impermissibly discriminated based on viewpoint. *Id.* at 1228.

The Court is unconvinced that the viewpoint-discrimination principles of *R.A.V.* and *Chaker* apply to the right to petition at issue in this case, and Plaintiffs have offered no authority to support this position. Filing a lawsuit is different from making a statement; the former does not necessarily have a "viewpoint," whereas the latter necessarily does. Thus, it not entirely clear what "viewpoint discrimination" would like when applied to the right to petition. Moreover, if the principle in *Chaker* did apply wholesale to the filing of lawsuits, it would invalidate not only § 4.24.350(2) but the entire common law action for malicious prosecution. This cause of action provides relief from frivolous *claims* brought with malicious intent but provides no relief for frivolous *defenses* brought with malicious intent. *Cf. Chaker*, 428 F.3d at 1228. The Court does not believe that the Ninth Circuit intended so drastic a result and, accordingly, declines to extend *R.A.V.* and *Chaker* to the right to petition.[5] Therefore, the Court rejects Plaintiff's argument that § 4.24.350 violates the First Amendment.

that the statute allowed one to "hold up a sign saying, for example, that all 'anti-Catholic bigots' are misbegotten; but not that all 'papists' are, for that would insult and provoke violence 'on the basis of religion.'" *Id.* at 391–92.

[5] The Supreme Court has implied that viewpoint discrimination could apply to the right to petition. *Smith v. Ark. State Highway Employees, Local 1315*, 441 U.S. 463, 464 (1979) ("The First Amendment protects the right of an individual, to speak freely, to advocate ideas, to associate with others, and to petition his government for redress of grievances. . . . The government is prohibited from infringing upon these guarantees . . . by imposing sanctions for the expression of particular views it opposes." (citations omitted)). Without more guidance from higher courts, however, this Court is not prepared to apply Supreme Court dictum to the statute in this case.

## 2. Preemption

Plaintiffs also argue that § 4.24.350 is preempted by 42 U.S.C. § 1988. (Mot. 12–14 (Dkt. No. 15).) Section 1988(b) allows parties to recover attorneys' fees in actions under various federal laws, including § 1983.

Under the Supremacy Clause, federal law can preempt and displace state law either expressly or implicitly. *See Ting v. AT&T*, 319 F.3d 1126, 1135 (9th Cir. 2003) (citations omitted) (*citing* U.S. CONST. art. VI, cl. 2). Express preemption occurs when Congress enacts an explicit statutory command that state law be displaced. *Id.* Implicit preemption can occur when state law conflicts with federal law, for example, by obstructing the accomplishment and execution of the full purposes and objectives of Congress. *Id.* at 1136. Plaintiffs suggest that 42 U.S.C. § 1988 both expressly and implicitly preempts § 4.24.350. (Mot. 12–14 (Dkt. No. 15).)

First, Plaintiffs argue that 42 U.S.C. § 1988(a) constitutes an explicit statutory command that state laws, like § 4.24.350, be displaced. (*See* Mot. 12 (Dkt. No. 15).) Section 1988(a) provides:

> [I]n all cases where [federal laws] are not adapted to [protecting and vindicating civil rights], or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law, as modified and changed by the constitution and statutes of the State wherein the court [sits shall govern] . . . , so far as [it] is not inconsistent with the Constitution and laws of the United States . . . .

42 U.S.C. § 1988(a). Preemption provisions are narrowly and strictly construed, *Montalvo v. Spirit Airlines*, 508 F.3d 464, 474 (9th Cir. 2007), and should be found only when it is the "clear and manifest purpose of Congress," *CSX Transp., Inc. v. Easterwood*, 507 U.S. 658, 664 (1993) (internal quotation omitted). The plain language of § 1988(a) does not reveal an intent to preempt state laws regarding attorneys' fees; rather it reveals an intent to allow the common law, as modified by state law, to serve as a gap-filler when the federal civil rights laws are unsuitable or

inadequate. *See Pony v. County of Los Angeles*, 433 F.3d 1138, 1143 (9th Cir. 2006) ("Section 1988 . . . provides that courts should resolve ambiguities in the federal civil rights laws by looking to the common law, as modified by the laws of the state in which they sit."); *see also CSX Transp., Inc.*, 507 U.S. at 664 ("[T]he task of statutory construction must . . . focus on the plain wording of the clause, which necessarily contains the best evidence of Congress' pre-emptive intent.") The Court has found no case law suggesting a broader reading of § 1988(a) and, thus, declines to find that it expressly preempts § 4.24.350.

Second, Plaintiffs argue that 42 U.S.C. § 1988(b) implicitly preempts § 4.24.350. (Mot. 14 (Dkt. No. 15).) Section 1988(b) gives courts discretion to award the prevailing party attorneys' fees in actions involving § 1983. *See* 42 U.S.C. § 1988(b) ("[T]he court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs . . . .") However, courts have held that a prevailing defendant in a § 1983 action can only recover attorneys' fees under § 1988(b) if the plaintiff's action was "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *See, e.g.*, *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978); *Galen v. County of Los Angeles*, 477 F.3d 652, 666 (9th Cir. 2007) (defining frivolous as "when the result appears obvious or the arguments are wholly without merit"). This extra requirement promotes vigorous prosecution of civil rights violations under § 1983, *see Miller v. Los Angeles County Bd. of Educ.*, 827 F.2d 617, 619 (9th Cir. 1987), but still protects defendants from litigation having no legal or factual basis, *see Mitchell v. Office of Los Angeles County Superintendent of Sch.*, 805 F.2d 844, 847 (9th Cir. 1986).

Plaintiffs suggest that § 4.24.350(2) allows some prevailing defendants in a § 1983 action to recover attorneys' fees with a lesser showing than what § 1988 requires. (*See* Mot. 14 (Dkt. No. 15).) Prevailing under a § 4.24.350 counterclaim, however, requires proving more than mere

frivolity: the defendant must prove that the claim was maliciously undertaken for improper or wrongful motives or in reckless disregard of the rights of the defendant. *See Bender v. City of Seattle*, 664 P.2d 492, 501 (Wash. 1983) (citation omitted). Furthermore, the defendant still must show that the § 1983 action lacked probable cause. *See Clark v. Baines*, 84 P.3d 245, 248–49 (Wash. 2004). Thus, § 4.24.350 demands a *greater* showing than § 1988(b).

Plaintiffs further contend that awarding liquidated damages to a police officer who has not shown a special injury obstructs the intent of Congress to promote vigorous prosecution of civil rights violations under § 1983. (Mot. 14 (Dkt. No. 15).) Congress, however, did not intend to promote the vigorous prosecution of civil rights lawsuits undertaken for improper or wrongful motives or in reckless disregard of the rights of the defendants. *Cf. Christiansburg*, 434 U.S. at 420. Far from obstructing Congress's intent, awarding liquidated damages in cases involving maliciously filed lawsuits furthers Congress's equally important intent to protect defendants from litigation having no legal or factual basis. *Cf. Mitchell*, 805 F.2d at 847. Plaintiffs, therefore, have not shown that 42 U.S.C. § 1983 implicitly preempts § 4.24.350(2).

### B.    Washington State Constitution

Finally, Plaintiffs argue that Washington Revised Code § 4.24.350(2) violates three provisions of the Washington State Constitution. First, Plaintiffs argue that § 4.24.350(2) violates the right to access the courts under article 1, section 4 of the Washington Constitution. (Mot. 15 (Dkt. No. 15) (*citing* WASH. CONST. art. I, § 4 ("The right to petition and of the people peaceably to assemble for the common good shall never be abridged.")).) To support this argument, Plaintiffs quote an overruled Washington Supreme Court plurality opinion: "The policy underlying equal access to the courts is not only sound but socially compelling. Our courts serve as a complaint desk for our society. . . . Accordingly, we consider access to the courts to be a fundamental right."

*Carter v. Univ. of Wash.*, 536 P.2d 618, 620, 623 (Wash. 1975), *overruled by Hous. Auth. of King County v. Saylors*, 557 P.2d 321, 327 (Wash. 1977) ("*Carter* . . . should be also overruled insofar as it suggested that article 1, section 4, protects a right of access to the courts."). Plaintiffs' argument is unpersuasive. Washington's right to petition is consistent with the right to petition under the United States Constitution, *see Richmond v. Thompson*, 922 P.2d 1343, 1349–51 (Wash. 1996), and the federal right to petition does not protect maliciously filed, frivolous lawsuits. *See Bill Johnson's*, 461 U.S. at 743 ("[B]aseless litigation is not immunized by the First Amendment right to petition.").

Second, Plaintiffs claim that § 4.24.350(2) violates the right to free speech under article I, section 6 of the Washington Constitution but concede that this depends on the proposition that "a civil action is deemed speech." (Mot. 15 (Dkt. No. 15).) Although the state constitution may afford greater speech protection than the United States Constitution, *cf., e.g.*, *O'Day v. King County*, 749 P.2d 142, 146 (Wash. 1988), Plaintiffs have cited, and the Court has located, no authority to suggest that filing a civil action constitutes speech under the free speech provision of either constitution.[6]

Finally, Plaintiffs argue that § 4.24.350(2) violates the right to equal privileges and immunities under article I, section 12 of the Washington Constitution by disparately treating plaintiffs who bring claims against police officers, prosecutors, and judicial officers. (Mot. 4–6, 15–16 (Dkt. No. 15).) The state's equal privileges and immunities clause "requires that persons

---

[6] In a different section of their motion, Plaintiffs cite a Supreme Court case and a Ninth Circuit case for the proposition that "[a] lawsuit is a form of speech protected by the First Amendment." (Motion 10 (Dkt. No. 15).) In these cases, however, both the Supreme Court and the Ninth Circuit indicated that lawsuits were protected by the right to petition provision of the First Amendment, not the free speech provision. *See Cal. Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508, 510 (1972) ("The right of petition is one of the freedoms protected by the Bill of Rights." (internal quotation omitted)); *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989) ("The right of access to the courts is subsumed under the first amendment right to petition the government for redress of grievances.").

similarly situated with respect to the legitimate purpose of the law receive like treatment." *Harmon v. McNutt*, 587 P.2d 537, 540 (Wash. 1978). Under this clause, statutes that do not affect fundamental rights or create suspect classifications such as race or alienage are generally reviewed with minimal scrutiny. *Medina v. Pub. Util. Dist. No. 1*, 53 P.3d 993, 998 (Wash. 2002). Under minimal scrutiny, the party challenging the statute bears the burden of showing that it fails to rationally further a legitimate state interest. *See Foley v. Dep't of Fisheries*, 837 P.2d 14, 17 (Wash. 1992).

Section 4.24.350 does not implicate a fundamental right, *see Bill Johnson's*, 461 U.S. at 743, and does not compromise a suspect class, *see Medina*, 53 P.3d at 998. The Court, therefore, reviews § 4.24.350(2) with minimal scrutiny. *See id.* The statute easily withstands such scrutiny. First, decreasing the number of elements that a police officer, prosecutor, or judge must prove to maintain a cause of action for malicious prosecution (*see* Mot. 4–5 (Dkt. No. 15)) is rationally related to the state's legitimate interest in preventing unfounded lawsuits from deterring public officials from exercising their discretion and performing their public duties, *see* Wash. Laws of 1984, ch. 133, § 1. *See also Wender*, 2007 WL 3165481, at *4 n.3 ("[J]udges, prosecutors, and police officers, as a class, are generally unable to demonstrate arrest or seizure in connection with frivolous claims."). Second, allowing police officers, prosecutors, and judges to recover liquidated damages and reasonable attorneys' fees (*see* Mot. 5–6 (Dkt. No. 15)) is rationally related to the state's legitimate interest in minimizing the "severely burdensome" costs that officers, municipalities, and the state must expend to defend against unfounded lawsuits, *see* Wash. Laws of 1984, ch. 133, § 1. Plaintiffs, therefore, have not met their burden of proving that § 4.24.350(2) violates the right to equal privileges and immunities.

**III. CONCLUSION**

Accordingly, the Court, having reviewed the relevant submissions the parties, the governing law, and the balance of the record, hereby DENIES Plaintiffs' motion to dismiss Defendants' counterclaim. (Dkt. No. 15)

DATED this 3rd day of March, 2009.


JOHN C. COUGHENOUR
United States District Judge