Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ELLIOT A. GIBSON, EVAN A. GIBSON, and EDWARD S. GIBSON,

Plaintiffs,

v.

The CITY OF KIRKLAND, a municipal corporation, KIRKLAND POLICE OFFICERS J. McMILLIAN and J. TROMBLEY, and JOHN DOE KIRKLAND POLICE OFFICERS 1–5,

Defendants.

No. C08-0937-JCC

ORDER

This matter comes before the Court on Defendants' Motion to Compel Discovery or in the Alternative Exclusion of Claim for Loss Earnings (Dkt. No. 35), Plaintiffs' untimely Response in Opposition (Dkt. No. 47), and Defendants' Reply (Dkt. No. 55). The Court has considered the pleadings filed with respect to this motion and hereby GRANTS Defendants' motion to prohibit Plaintiffs from introducing evidence of lost earnings.

I. **BACKGROUND**

On October 1, 2008, Defendants provided the three Plaintiffs with interrogatories and requests for production. (Tran Decl. ¶ 3 (Dkt. No. 36 at 2).) Under the Federal Rules, complete responses were due within 30 days. FED. R. CIV. P. 33(2)–(3), 34(2). Instead, Plaintiffs did not provide responses until November 7, and many of the answers were nonresponsive or incomplete.

ORDER – 1

(*See* Tran Decl. Exhs. A–G (Dkt. No. 36 at 6–51).) In particular, most of the Plaintiffs' responses regarding their claim of lost earnings were missing. (*Id.*) Throughout the Plaintiffs' depositions, Plaintiffs' attorney repeatedly told Defendants' attorney that he intended to provide additional discovery related to this claim. (Tran Decl. ¶ 2 (Dkt. No. 36 at 1–2).) On January 29, 2009, Defendants' attorney requested a conference to discuss the missing discovery and set forth, in detail, each of the unanswered or unsatisfactory responses to Defendants' interrogatories and requests for production. (Tran Decl. Exh. H (Dkt. No. 36 at 53–55).) The attorneys held the conference on February 4, and Plaintiffs' attorney agreed to provide the discovery by February 6. (Tran Decl. ¶ 2 (Dkt. No. 36 at 2).)

On February 9, 2009, the last day before discovery closed, Defendants' filed this motion to compel discovery or, in the alternative, to exclude Plaintiffs' claim of lost earnings as a sanction for the discovery violations. (Mot. 1 (Dkt. No. 35).) Later that day, Defendants received supplemental responses, but these were far from complete. (*See* Tran Decl. Exh. A (Dkt. No. 56-2 at 2–3).) On February 19, after reviewing the responses, Defendants' attorney sent Plaintiffs' attorney a letter detailing the remaining deficiencies and they re-noted this motion in order to allow Plaintiffs' an opportunity to correct these deficiencies. (*Id.*) Plaintiffs appear to have ignored this letter. On March 3, 2009, the day after their response was due, Plaintiffs filed an untimely, four-sentence-long brief in opposition to Defendants' motion, stating only that Plaintiffs had complied with Defendants' discovery requests "on February 9th and 10th." (Resp. 1–2 (Dkt. No. 47).) Plaintiffs' brief makes no mention of Defendants' continued objections and provides no explanation for the discovery failures or the untimely response. (*Id.*)

## II. DISCUSSION

Local Rule CR 7(b)(2) states that "[i]f a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." Here, Plaintiffs failed to file a timely brief in opposition to Defendants' motion to compel and to exclude Plaintiffs' claim of lost earnings. When Plaintiffs finally did respond, they failed to provide any explanation for the repeated and flagrant discovery violations. (Resp. (Dkt. No. 47).) Instead, they actively misrepresented to the Court that they had complied with Defendants' requests,

ORDER – 2

when, in fact, they knew perfectly well that the supplied discovery was still highly deficient. (*See* Tran Decl. Exh. A (Dkt. No. 56-2 at 2–3).)

Under Federal Rule of Civil Procedure 37(d)(3) and 37(b)(2)(A)(i)–(vi), the Court may impose a variety of sanctions against a party that fails to answer interrogatories or requests for production, including "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." FED. R. CIV. P. 37(b)(2)(A)(ii). In this case, the Court finds that Plaintiffs' extensive and unexplained delays in providing necessary discovery—delays that have extended well past the discovery cutoff—are inexcusable and have substantially prejudiced Defendants from defending themselves against Plaintiffs' claim of lost earnings. Accordingly, the Court finds that Plaintiffs should be prohibited from introducing any evidence in support of a claim of lost earnings. *See id.* Any lesser sanction would fail to cure Defendants' prejudice.

Moreover, under Federal Rule of Civil Procedure 37(d)(3), the Court "must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Here, Plaintiffs' failure to act has not been substantially justified; indeed, no justification whatsoever has been put forth. Under the circumstances, it would be unjust to require Defendants to bear the costs of filing their motion to compel and for sanctions. Accordingly, the Court finds that Plaintiffs' attorney should pay the reasonable expenses, including attorneys' fees, incurred by Defendants' in filing this motion.

**III. CONCLUSION**

Defendants' motion (Dkt. No. 35) is GRANTED. Plaintiffs are prohibited from introducing any evidence to support a claim of lost earnings. Moreover, Plaintiffs' attorney must pay Defendants' reasonable expenses, including attorneys' fees, incurred in filing this motion.

DATED this 11th day of March, 2009.

John C. Coughenour
United States District Judge