Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ELLIOT A. GIBSON, EVAN A. GIBSON, and EDWARD S. GIBSON,<br><br>Plaintiffs,<br><br>v.<br><br>The CITY OF KIRKLAND, a municipal corporation, KIRKLAND POLICE OFFICERS J. McMILLIAN and J. TROMBLEY, and JOHN DOE KIRKLAND POLICE OFFICERS 1–5,<br><br>Defendants. | No. C08-0937-JCC<br><br>ORDER |

This matter comes before the Court on Defendants' Motion for Limited Extension of Discovery Deadline (Dkt. No. 39), Plaintiffs' Response in Opposition (Dkt. No. 49), and Defendants' Reply (Dkt. No. 58). The Court has considered the pleadings filed with respect to this motion and hereby finds and rules as follows.

Defendants seek to reopen discovery for two limited purposes. First, they propose to depose Muriel Gibson, Defendants' mother, to question her about Defendants' claim of emotional damages. (Mot. 7 (Dkt. No. 39).) Second, they request a subpoena duces tecum to third-party Macy's to obtain a document referenced in a last-minute interrogatory relating to Plaintiffs' claim of lost earnings. (*Id.* at 2.) After this motion was filed, the Court prohibited Plaintiffs from introducing evidence in support of their lost earnings claim as a sanction for repeated and flagrant

ORDER – 1

discovery violations; therefore, the Court DENIES AS MOOT Defendants' motion for a subpoena duces tecum to obtain the document from Macy's.

As for the deposition of Muriel Gibson, Plaintiffs' attorney concedes that he agreed to contact her on Defendants' behalf to schedule a deposition but that "[i]t slipped [his] mind to call [her]." (Resp. 3 (Dkt. No. 49); Howell Decl. ¶ 2 (Dkt. No. 50).) He also concedes that Defendants' attorney reminded him a "couple" of times, both before and after the close of discovery. (Resp. 3 (Dkt. No. 49).) However, he now opposes Defendants' motion to reopen discovery for the limited deposition, arguing that Plaintiffs did not "control" Ms. Gibson and that Defendants could have contacted her on their own. (*Id.*) It is obvious from the record that Defendants reasonably relied on Plaintiffs' attorney's representations that he would contact Ms. Gibson to help schedule her deposition. Defendants have assured the Court that the deposition would not impact the trial date (Mot. 5 (Dkt. No. 39)), and Plaintiffs have failed to identify any prejudice that would result from granting the motion (Resp. (Dkt. No. 49)). Accordingly, the Court GRANTS Defendants' motion to re-open discovery for the limited purpose of deposing Ms. Gibson.

DATED this 11th day of March, 2009.

John C. Coughenour  
United States District Judge

ORDER – 2