The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ELLIOT A. GIBSON, EVAN A. GIBSON, and EDWARD S. GIBSON,<br><br>Plaintiffs,<br><br>v.<br><br>The CITY OF KIRKLAND, a municipal corporation, KIRKLAND POLICE OFFICERS J. McMILLIAN and J. TROMBLEY, and JOHN DOE KIRKLAND POLICE OFFICERS 1–5,<br><br>Defendants. | Case No. C08-0937-JCC<br><br>ORDER GRANTING MOTION FOR RECONSIDERATION |

This matter comes before the Court on Plaintiff's Motion for Reconsideration of Discovery Order (Dkt. No. 62). On March 11, 2009, the Court prohibited Plaintiffs from introducing at trial any evidence of lost earnings, based on "repeated and flagrant" failures to respond to Defendants' interrogatories and requests for production. (Order 2–3 (Dkt. No. 59).) Pursuant to Federal Rule of Civil Procedure 37(d)(3), the Court also required "Plaintiffs' attorney [to] pay the reasonable expenses, including attorneys' fees, incurred by Defendants in filing the motion." (*Id.* at 3.) Plaintiffs, through their attorney, now move for reconsideration of

ORDER
PAGE - 1

this latter portion of the Court's order, arguing that it would be unjust to require Plaintiffs' attorney to pay Defendants' expenses. (Mot. 3 (Dkt. No. 62).)

Plaintiffs' argues that it would be unjust to award expenses in this case because it was Plaintiffs, rather than their attorney, who caused the unreasonable delays. Plaintiffs' attorney claims that he "ha[s] attempted to have Plaintiffs answer certain of Defendants' Interrogatories and Requests for Production in a timely manner and ha[s] been unsuccessful in that endeavor." (Howell Decl. ¶ 2 (Dkt. No. 63 at 1); *see also* Egger Decl. (Dkt. No. 64).)

In light of the declarations filed with Plaintiffs' motion, the Court strikes the portion of its prior Order requiring Plaintiffs' attorney to pay Defendants' reasonable expenses. Instead, the Court DIRECTS *Plaintiffs* to pay the reasonable expenses, including attorneys' fees, incurred by Defendants in filing their original motion. FED. R. CIV. P. 37(d)(3) ("[T]he court must require *the party failing to act*, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances would make an award of expenses unjust.") (emphasis added).

SO ORDERED this 1st day of April, 2009.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 2