UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ELLIOTT A. GIBSON, et al.,

    Plaintiffs,

v.

THE CITY OF KIRKLAND, a municipal corporation, et al.,

    Defendants.

Case No. C08-0937 MJP

ORDER ON PLAINTIFFS' MOTION TO STRIKE

This matter comes before the Court on Plaintiffs' surreply in opposition to Defendants' motion for attorney fees. (Dkt. No. 149.) Plaintiffs move to strike evidence submitted with Defendants' reply brief. For the reasons set forth below, the Court DENIES the request to strike the submission, but grants Plaintiffs leave to file an additional response.

**Background**

On October 20, 2009, a jury returned a verdict finding in favor of Defendants on their counterclaim for malicious prosecution. (Dkt. No. 130 at 9.) On November 11, 2009, Defendants filed a motion for attorney fees. (Dkt. No. 133.) In support of that motion,

Defendants' counsel provided a summary of the hours worked by attorney, but did not provide detailed time records. (See Declaration of Kim Tran (Dkt. No. 134) ("First Tran Decl.") ¶ 2 (providing total hours completed and listing tasks).) In their response, Plaintiffs note that the declaration failed to provide "a contemporaneous entry . . . so that a determination could be made whether the action was necessary or reasonable." (Dkt. No. 143 at 12.) In support of their reply brief, Defendants submitted an additional declaration that attached the actual bills generated in this matter. (Declaration of Kim Tran (Dkt. No. 145) ("Second Tran Decl.") ¶ 3, Ex. A.) After providing the appropriate notice required by Local Rule 7(g)(1), Plaintiffs filed a surreply seeking to strike Defendants' additional evidence. (Dkt. No. 149.)

**Discussion**

It would be an abuse of discretion for this Court to award fees where attorney time records are "submitted in a form not reasonably capable of evaluation." Stewart v. Gates, 987 F.2d 1450, 1453 (9th Cir. 1993). A submission that does not allow an opposing party to meaningfully challenge the reasonableness of time spent undermines the adversarial process. Id. at 1452-53. In the First Tran Declaration, Defendants simply provide a laundry list of tasks completed without indicating how much attorney time was spent on each task. While Defendants appear to question whether it is "a useful exercise to comb through contemporaneous time records," the Court does not. (Dkt. No. 144 at 6.) It is difficult to imagine how Defendants expect the Court to arrive at a determination of reasonableness without any view of the time spent on various tasks.

Nevertheless, the Court finds that Plaintiffs' requested remedy is too harsh under the circumstances. Without taking any position on the merits of the arguments presented by either party, the Court grants Plaintiffs leave to file an additional response to address issues raised in the Second Tran Declaration. Allowing an additional submission will serve to protect the adversarial process without prejudicing either party.

**Conclusion**

Plaintiffs' motion to strike (Dkt. No. 149) is DENIED. The Court does, however, grant Plaintiffs leave to file a supplemental response to address issues raised by the Second Tran Declaration. Plaintiffs' response must not exceed ten (10) pages and must be filed no later than January 15, 2010. The Court shall re-note Defendants' motion (Dkt. No. 133) for consideration on that date. The Clerk is directed to transmit a copy of this Order to all counsel of record.

DATED this 5th day of January, 2010.

Marsha J. Pechman
United States District Judge