The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ELLIOTT A. GIBSON, EVAN A. GIBSON and EDWARD S. GIBSON,<br><br>Plaintiffs,<br><br>vs.<br><br>THE CITY OF KIRKLAND, a municipal corporation; KIRKLAND POLICE OFFICERS J. McMILLIAN, J. TROMBLEY,<br><br>Defendants. | Case No. C08-0937 MJP<br><br>**ORDER GRANTING IN PART DEFENDANT'S MOTION FOR ATTORNEY'S FEES** |

This matter comes before the Court on Defendants' motion for attorney's fees. (Dkt. No. 133.) The Court has considered the motion, the response (Dkt. No. 143), the reply (Dkt. No. 144), Plaintiffs' timely surreply (Dkt. No. 149), Plaintiffs' supplemental response (Dkt. No. 153), and all documents submitted in support thereof. For the reasons set forth below, the Court GRANTS IN PART and DENIES IN PART Defendants' motion.

**Background**

Plaintiffs Elliott, Evan and Edward Gibson, brought a civil rights suit against the City of Kirkland and Officers J. McMillian and J. Trombley alleging violations of 42 U.S.C. §1983

arising from an incident in July, 2006. (Compl. ¶ 22.) Defendants filed a counterclaim alleging malicious prosecution. (Answer & Countercl. ¶ 9.) On April 9, 2009, the Honorable John C. Coughenour dismissed all claims against the City of Kirkland, Plaintiffs' excessive force claim against Officer McMillan, the substantive due process claims, and the claims for outrage. (Dkt. No. 71.) The case was transferred to this Court and tried before a jury. (Dkt. No. 93.) On October 20, 2009, the jury returned verdicts for the Defendants on all surviving claims, including the malicious prosecution counterclaim. (Dkt. No. 130.)

In the counterclaim and the trial brief, the Defendants requested liquidated damages and attorney's fees pursuant to RCW 4.24.350(2). (Dkt. No. 106 at 16.) But at trial, Defendants withdrew their request for damages. (Dkt. No. 133 at 3.) Accordingly, the jury instructions and special verdict form were silent on the award of liquidated damages for Defendants' malicious prosecution claim. (Dkt. Nos. 126, 130.) Defendants now seek to recover attorney's fees associated with their malicious prosecution claim in the amount of $217,064.00. (Dkt. No. 133 at 1.)

**Discussion**

I. <u>Availability of Fees</u>

In a federal suit substantively based on state law an award of attorney's fees is governed by state law. <u>Champion Produce, Inc. v. Ruby Robinson Co., Inc.</u>, 342 F.3d 1016, 1024-25 (9th Cir. 2003). RCW 4.24.350(2) states the Court may award reasonable attorney's fees when a prosecuting authority or law enforcement officer prevails in:

> . . . any action, claim, or counterclaim brought by a judicial officer, prosecuting authority, or law enforcement officer for malicious prosecution arising out of the performance or purported performance of the public duty of such officer. . .

A number of these statutory prerequisites are undisputed: the claim was brought by law enforcement officers for malicious prosecution arising out of the performance of the public duty. The jury found in favor of the Officers on the malicious prosecution counterclaim. Plaintiffs raise a number of arguments that do not preclude an award of fees.

First, Plaintiffs fault Defendants for failing to bring a §1988 action to claim the attorney's fees. (Dkt. No. 143 at 2.) A claim under §1988 is not a prerequisite for relief under RCW 4.24.350. RCW 4.24.350(2) provides an independent basis for recovery of attorney's fees for a prevailing party. This Court has previously rejected counsel's suggestion that § 1988 somehow preempts RCW 4.24.050(2). See Pruitt v. City of Arlington, No. C08-1107, 2009 WL 481293, at *2 (W.D. Wash. Feb. 23, 2009). Defendants need not seek § 1988 relief in order to pursue fees under RCW 4.24.350(2).

Second, Plaintiffs argue the Officers are not the prevailing parties. (Dkt. No. 143 at 3.) Under Washington law, if not defined by the controlling statute, a prevailing party is one who receives an affirmative judgment at the conclusion of an entire case. Anderson v. Gold Seal Vineyards, Inc., 81 Wn.2d 863, 867 (1973) (citing Black's Law Dictionary 1352 (4th ed. 1968) ("to be the prevailing party does not depend on the degree of success. . .but whether, at the end of the suit, or other proceeding, the party who has made a claim against the other, has successfully maintained it.")). RCW 4.24.350(2) does not define prevailing party as only plaintiff or defendant and thus either can prevail. Defendants in this case received affirmative judgments from the jury on both the original claim by Plaintiffs and on the counterclaim for malicious prosecution. (Dkt. No. 133 at 4.) Defendants' decision not to pursue liquidated damages does not alter their status as prevailing parties. There should not be any doubt the Officers prevailed in this action.

ORDER GRANTING DEFENDANT'S MOTION FOR ATTORNEY'S FEES - 3                                                                                           CASE NO. C08-0937 MJP

Third, Plaintiffs argue the award of fees would be unreasonable given the lack of damages. (Dkt. No. 143 at 4.) But the caselaw Plaintiffs cite only considers the unreasonableness of the attorney's fees award in the context of damages awarded in a §1988 action. (See id. at 4 (citing Farrar v. Hobby, 506 U.S. 103 (1992)).) The Defendants here only seek recovery under RCW 4.24.350 and, unlike § 1988, the statute expressly limits the amount of damages a law enforcement officer may seek to $1000. RCW 4.24.350(2). Plaintiffs offer no legal rationale why this Court should apply the "degree of success" limitation used to determine attorney's fees in §1988 cases to the determination of reasonable attorney's fees under RCW 4.24.350.

Fourth, Plaintiffs' counsel asserts that his clients and the jury were not on notice of the consequences of a verdict in favor of Defendants. (Dkt. No. 143 at 9.) Plaintiffs cite Williams v. McCrea, 172 F.3d 61 (9th Cir. 1999), which analyzes a pro se litigant's ability to be on notice of the consequences of motion for summary judgment. The considerations for pro se litigants are quite different from this matter where Plaintiffs were represented by Mr. Howell. Further, Defendants pled both fees and damages in their counterclaim and in their trial brief. (Dkt. Nos. 8, 106.) Plaintiffs' counsel was on notice of Defendants requested for relief, and by implication, his clients should have been as well.

Finally, Plaintiffs urge the Court to use its full discretion in denying the fees because such an award would have a "chilling effect" on future civil rights litigants. (Dkt. No. 143 at 10.) But Plaintiffs fail to consider the legislature's intent to prevent malicious lawsuits against certain public officials. In a fee-shifting statute such as RCW 4.24.350(2), identifying the purpose of that statue is a key consideration in interpreting it. Kyle v. Williams, 139 Wn. App. 348, 357 (2007) (citing Brand v. Dep't of Labor & Indus., 139 Wn.2d 659, 667 (1999)). In enacting RCW

4.24.350(2), the legislature focused on: (1) how the increasing number of unfounded lawsuits can deter law enforcement, prosecuting and judicial officers from using their discretion in the performance of their duties and (2) how the cost of defending these unfounded claims is "severely burdensome" to said officers and the governments supporting them. Keates v. City of Vancouver, 73 Wn. App. 257, 268 (1994) (citing Laws of 1984, ch. 133 § 1). The legislative findings further state the purpose of the section is "to provide a remedy to those public officers and to the public." Id. The legislature tempered the potential chilling effect on civil rights actions by requiring law enforcement officers to establish malice. As the Court instructed the jury, the Officers bore the burden of proving "[t]hat the plaintiffs instituted this litigation with knowledge that the claims they are making are false, and unfounded, malicious, and without probable cause." (Court's Final Instructions No. 20.) Thus, the Officers had to meet a very high burden in order to prevail on their counterclaim. The Court is not persuaded that a potential future "chilling effect" justifies the denial of attorneys fees where the Officers have proven Plaintiffs acted with malice.[1]

II. Court's Calculation of Fees

When a Washington statute does not provide specific guidance on how to determine reasonable attorney's fees, courts have adopted the Lodestar method. Bowers v. Transamerica Title Ins. Co., 100 Wn.2d 581, 595 (1983); see also Highland School Dist. No. 203 v. Racy, 149 Wn. App. 307, 315-16 (2009) (citing Brand v. Dept of Labor & Industries, 139 Wn.2d 659, 676 (1999)). The Lodestar method requires the Court determine the number of hours reasonably

---

[1] To the extent Plaintiffs' response and supplemental response argue Defendants must meet some "higher standard" in order to merit fees, the Court observes that Defendants have met that standard: they proved Plaintiffs acted with malice. (See Dkt. No. 143 at 6-8; Dkt. No. 153 at 7.)

ORDER GRANTING DEFENDANT'S MOTION FOR ATTORNEY'S FEES - 5               CASE NO. C08-0937 MJP

expended in the litigation and multiply it by the reasonable hourly rate of compensation.  <u>Bowers</u> 100 Wn.2d at 597.

As a preliminary matter, the Court must determine how to distinguish work completed by Defendants' counsel for the City of Kirkland from the Officers themselves.  Plaintiffs are correct that Defendants have failed to segregate time spent on behalf of the City from time spent on behalf of the Officers.  (Dkt. No. 143 at 11.)  Accordingly, it would be unjust to award Defendants fees spent litigating on behalf of the City of Kirkland.[2]  The Court observes that Defendants' briefing is bereft of any recognition of this distinction.  Counsel's submitted billing entries do not distinguish between the Defendants, nor would it be practicable to do so when the City was solely responsible for the fees.  (<u>See</u> Second Tran Decl. (Dkt. No. 145), Ex. A.)  Because the Court cannot segregate the time spent defending Kirkland from the time spent defending the Officers before the City was dismissed as a Defendant, it declines to award Defendants fees for time spent before Judge Coughenour's April 9, 2009 Order.  (Dkt. No. 71.)  Awarding fees for time billed on or after April 10, 2009 ensures Defendants are only reimbursed for the Officers' defense.

The Court calculates the attorney's fees as follows:

1. Kim Tran, lead attorney for Defendants, billed 322.7 hours during the applicable time period.  (Second Tran Decl., Ex. A.)  Plaintiffs do not object to Ms. Tran's $215.00 hourly rate and the Court finds the rate is reasonable for the skill demonstrated.  (Tran Decl. (Dkt. No. 134) ¶ 2.)  The Court declines Plaintiffs' invitation to halve Ms. Tran's trial time spent at trial—that time was obviously critical to the Officers' malicious

prosecution claim. (See Dkt. No. 153 at 7.) Multiplying the number of hours by Ms. Tran's hourly rate yields a product of $69,380.50.

2. Michael Bolasina, the attorney who was responsible for much of Defendants' presentation at trial, billed 121.7 hours during the applicable time period. (Second Tran Decl., Ex. A.) Plaintiffs do not object to Mr. Bolasina's $225.00 hourly rate and the Court finds the rate is reasonable for the skill demonstrated. (Tran Decl. ¶ 3.) Multiplying the number of hours by Mr. Bolasina's hourly rate yields a product of $27,382.50.

3. Tobin Dale, an attorney, prepared Officer McMillan for trial and billed 9 hours during the applicable time period. (Second Tran Decl., Ex. A.) Like Ms. Tran, Mr. Dale's hourly rate is $215.00. (Tran Decl. ¶ 4.) Defendants are entitled to $1,935.00 as compensation for Mr. Dale's work.

4. Karen Cobb, an associate, billed 11.8 hours preparing Defendants' witnesses for trial. (Second Tran Decl., Ex. A.) Given her $215.00 hourly rate, Defendants are entitled to $2537.00 in compensation for billed fees. (See Tran Decl. ¶ 5.)

5. Katherine Sadlon, an associate, billed 10.6 hours during the applicable period. (Second Tran Decl., Ex. A.) Multiplying her hours by her hourly rate of $175.00 yields a product of $1855.00. (Tran Decl. ¶ 6.)

6. Peter Altman, an associate, billed 18.1 hours to Defendants. (Second Tran Decl., Ex. A.) Multiplying his hours by his hourly rate of $150.00 yield a product of $2715.00. (Tran Decl. ¶ 7.)

---

[2] To the extent the City of Kirkland paid for the individual officers' attorneys, those fees do not need to be separated. RCW 4.24.350(2) is clear that a government entity has reimbursement rights to any

7. Marsha Huffsmith, a senior paralegal, completed a 131 hours of non-clerical legal work after April 9, 20009. (Second Tran Decl., Ex. A; Tran Decl. ¶ 8.) At her hourly rate of $130.00, Defendants were billed $17,030.00.

The total <u>Lodestar</u> fee is $122,835.00. Plaintiffs urge a thirty percent reduction in the total award and claim Defendants have only submitted "block billing" records. (Dkt. No. 153 at 3.) The records submitted by Defendants provide daily entries for each attorney with descriptions of the amount of time spent on each task. (<u>See</u> Second Tran Decl., Ex. A.) Defendants' time records are sufficiently detailed and have allowed the Court to review for reasonableness. Pursuant to RCW 4.24.350(2), the Court finds Defendants are entitled to $122,835.00 in reasonable attorney's fees.

## Conclusion

Defendant's motion for attorney's fees (Dkt. No. 133) is GRANTED IN PART and DENIED IN PART. Defendants are entitled to attorney's fees for work completed after the City of Kirkland was dismissed as a party. Plaintiffs are ORDERED to pay Defendants $122,835.00. The Clerk shall transmit a copy of this Order to all counsel of record.

Dated: February 26, 2010.

Marsha J. Pechman
United States District Judge

---

costs or attorney's fees recovered on behalf of the individuals.